# MEMORANDA

# CASES NOT REPORTED IN FULL.

## BOLTON HALL AND OTHERS, APPELLANTS, *v.* THE UNITED STATES REFLECTOR COMPANY, RESPONDENT.

*Practice — upon a trial no defense can be proved which has not been pleaded.*

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

The cause of action alleged in the complaint was the loan by the plaintiffs to the defendant, between the 1st day of November, 1880, and the 30th of April, 1881, of the sum of $25,736.67.

The court at General Term examined the pleadings and evidence and held that the defendant had failed to prove any of the defenses it had pleaded. The referee .had, however, found certain facts which he held to constitute a defense to the action, though such defense had not been pleaded by the defendant in its answer.

With reference to this the court at General Term said: "But as these facts were not alleged or relied upon in any form in the answer by way of defense, they were not within the issues which the referee was empowered to hear and determine. They constituted a distinct and separate defense to which no allusion whatever was made in the defendant's answer; and as the referee was only authorized to hear and determine the issues which the parties themselves had framed, he had no authority under which he could defeat the action upon the ground of a defense which the defendant itself had neglected to bring into the case. The rule on this subject has become very well settled under the Code as it also was under the preceding practice. If the plaintiff is to recover, it must be upon the case as it is sub-stantially embodied in the complaint; and if the defendant can succeed in defeating what otherwise appears to be a legal and valid claim it must be upon some denial or defense alleged in the answer. To avoid the possibility of surprise the law requires that each party

376 PEOPLE ex rel. DREVET v. FIRE COMMISSIONERS.

FIRST DEPARTMENT, AUGUST TERM, 1883.

shall be apprised substantially of the ground intended to be relied upon by his adversary in the course of the trial, when that may take place. And when the pleadings fail to do that the party chargeable with the failure can derive no advantage from evidence appearing upon the trial, tending to establish the existence of a cause of action or defense not included in his pleadings. (*McKyring* v. *Bull*, 16 N. Y., 297; *Laraway* v. *Perkins*, 10 id., 371; *Brazill* v. *Isham*, 2 Kern., 9; *Rubber Co.* v. *Goodyear*, 9 Wall., 788, 793; *Wright* v. *Delafield*, 25 N. Y., 266, 270; *Hudson* v. *Swan*, 83 id., 552; *South wick* v. *First National Bank of Memphis*, 84 id., 420.)

"As the case was presented the defenses relied upon by the defendant were, neither of them, proved, but the plaintiffs have been defeated in their right to recover the money loaned by them, by a defense to which there was no reference whatever in the defendant's answer, and which they consequently could not anticipate and were not legally required to meet. The result is that the judgment under these circumstances cannot be sustained."

*Wm. B. Hornblower* and *Joseph S. Auerbach*, for the appellants.

*Edward P. Wilder*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed and new trial ordered, with costs to abide event.